IN THE SUPREME COURT OF NORTH CAROLINA

No. 527PA13

Filed 19 December 2014

STATE OF NORTH CAROLINA

v.

RONDELL SUPREME CHILDRESS

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, ___ N.C. App. ___, 753 S.E.2d 399 (2013), finding no error in part and reversing in part judgments entered on 17 July 2012 by Judge Jerry R. Tillett in Superior Court, Pasquotank County. Heard in the Supreme Court on 10 September 2014.

*Roy Cooper, Attorney General, by Mary Carla Babb, Assistant Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by Charlesena Elliott Walker and Constance E. Widenhouse, Assistant Appellate Defenders, for defendant-appellee.*

MARTIN, Chief Justice.

From the safety of a car, defendant drove by Patrice Harney's home, shouted a phrase used by gang members, and then returned to shoot at her and repeatedly fire bullets into her home when she retreated from his attack. We hold defendant's actions provided sufficient evidence of premeditation and deliberation to survive a motion to dismiss an attempted murder charge.

Around two in the morning on 12 August 2010, Patrice Harney was sitting on her front porch talking with her cousin and brother while her three children slept inside. While Patrice and her companions were on the porch, a silver car and a green car drove by. The road was no more than sixty feet from the house in a well-lit area, and Patrice recognized defendant as the driver of the silver car. Someone in the silver car yelled out, "[W]hat's popping." Patrice testified the phrase was used by gang members, but she "didn't take offense to it" because she was not part of a gang. The cars did not stop at this point. A few minutes later, the silver car returned and came to "a dead stop" in front of Patrice's house, and defendant rolled down his window and "just started shooting."

After Patrice and her cousin saw the gun pointed in their direction, they ran inside the house. Patrice sprinted to her children's room to pull them onto the floor and shield them from the bullets that were then coming through the walls of the house. Once the shooting stopped, Patrice ran to the front of her home, where police had already arrived. Bullets had pierced the window in front of which Patrice had been sitting and the exterior of the residence. Bullet holes were also found in the children's room. Between six and twelve shots were fired overall. Before the shooting, Patrice did not have any problem with defendant, and later said she was surprised at what he had done.

Defendant was apprehended several weeks later. He was subsequently indicted for one count of attempted murder and six counts of discharging a firearm

into occupied property. At the close of the State's evidence, the trial court dismissed one count of discharging a firearm into occupied property. At the close of all evidence, after not having put on any evidence in his defense, defendant moved to dismiss all charges. Specifically, defendant claimed that the State had failed to produce evidence of intent for the attempted murder charge. The trial court denied his motion. The jury found defendant guilty of the remaining five counts of discharging a firearm into occupied property and of attempted first-degree murder. The trial court sentenced defendant to consecutive terms of 36 to 53 months for each of the five firearms convictions followed by 185 to 231 months of imprisonment for the attempted murder conviction.

Defendant appealed to the Court of Appeals. In a unanimous, unpublished opinion, the court concluded that the State had failed to produce sufficient evidence of defendant's premeditation and deliberation. *State v. Childress*, ___ N.C. App. ___, 753 S.E.2d 399, 2013 WL 5947787, at *5 (2013) (unpublished). Accordingly, the court held that the trial court's denial of defendant's motion to dismiss was error and reversed the attempted murder conviction. *Id.* We allowed the State's petition for discretionary review of that issue and now reverse.

When considering a motion to dismiss for insufficiency of the evidence, we consider whether, in the light most favorable to the State and with all reasonable inferences drawn in the State's favor, there is enough evidence of each essential element of the crime charged to persuade a rational juror that the defendant was

the perpetrator. *State v. Mann*, 355 N.C. 294, 301, 560 S.E.2d 776, 781 (2002) (citations omitted). In this case we consider only whether there was sufficient evidence of premeditation and deliberation to support defendant's conviction for attempted murder.

"We have recognized that it is difficult to prove premeditation and deliberation and that these factors are usually proven by circumstantial evidence because they are mental processes that are not readily susceptible to proof by direct evidence." *State v. Sierra*, 335 N.C. 753, 758, 440 S.E.2d 791, 794 (1994) (citation omitted); *see also State v. Hutchins*, 303 N.C. 321, 344, 279 S.E.2d 788, 802 (1981) ("Premeditation and deliberation are seldom susceptible of direct proof, but they may be inferred from circumstantial evidence." (citations omitted)). In the context of a first-degree murder charge, this Court has identified several examples of circumstantial evidence, any one of which may support a finding of the existence of these elusive qualities:

> (1) absence of provocation on the part of the deceased, (2) the statements and conduct of the defendant before and after the killing, (3) threats and declarations of the defendant before and during the occurrence giving rise to the death of the deceased, (4) ill will or previous difficulties between the parties, (5) the dealing of lethal blows after the deceased has been felled and rendered helpless, (6) evidence that the killing was done in a brutal manner, and (7) the nature and number of the victim's wounds.

*State v. Olson*, 330 N.C. 557, 565, 411 S.E.2d 592, 596 (1992) (citation omitted); *see also State v. Leazer*, 353 N.C. 234, 238, 539 S.E.2d 922, 925 (2000) (same). When

evaluating the presence of premeditation and deliberation, this Court has additionally considered whether a defendant arrived at the scene of the crime with a weapon and whether a defendant fired multiple shots. *State v. Taylor*, 362 N.C. 514, 531, 669 S.E.2d 239, 256 (2008). These examples are merely illustrative and are not to be treated as an exhaustive list of factors a jury may use to infer premeditation and deliberation.

At least five of the above circumstances are implicated in this case. Considered in the light most favorable to the State, the evidence presented at trial showed that: (1) Patrice did not provoke defendant in any way and was unarmed; (2) defendant drove by Patrice's home before returning and shooting at her; (3) during this initial drive-by, defendant or a companion in his car yelled out "[W]hat's popping," a phrase associated with gang activity that a jury may interpret as a threat; (4) defendant had a firearm with him; and (5) defendant fired multiple shots toward Patrice and her home. A reasonable juror could easily infer from this evidence that defendant drove by Patrice's home, threatened her, and returned shortly to carry out that threat without any intervening provocation by Patrice. Based on defendant's actions, a reasonable juror could conclude that defendant shot repeatedly at Patrice and that those shots tracked her movement through her home and into her children's bedroom. While alternative theories may be possible, "[c]ircumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence."

*Mann,* 355 N.C. at 301, 560 S.E.2d at 781 (alteration in original) (citations and quotation marks omitted).

The evidence presented supported an inference that defendant deliberately and with premeditation set out to kill Patrice by shooting her on her front porch. Accordingly, the decision of the Court of Appeals is reversed.

REVERSED.