McCULLOUGH, Judge.
Douglas Ray Symmes, Jr. ("defendant") appeals from judgments entered upon his convictions of assault with a deadly weapon with intent to kill and inflicting serious injury and attempted murder. On appeal, defendant argues that the trial court erred by denying his motion to dismiss the attempted murder charge. Based on the reasons stated herein, we hold no error.
I. Background
On 9 February 2015, defendant was indicted for assault with a deadly weapon with intent to kill and inflicting serious injury in violation of N.C. Gen. Stat. § 14-32(a), assault by strangulation in violation of N.C. Gen. Stat. § 14-32.4(b), and attempted murder in violation of N.C. Gen. Stat. § 14-17.
Defendant's trial commenced at the 14 December 2015 criminal session of Rockingham County Superior Court, the Honorable Edwin G. Wilson presiding. The State's evidence tended to show as follows: Defendant and Cynthia Jones ("Jones") started dating in May 2009 and had a child together. As of 11 December 2014, the couple were no longer dating, Jones and defendant had had previous domestic violence issues, and the two had not communicated for approximately three weeks. On 11 December 2014, Jones was driving down the road when she saw defendant in her rearview mirror. Defendant had sent Jones a text message earlier that day that read, "let's talk" and Jones had not responded. Jones pulled into a Bojangles' parking lot, "[b]ecause I worked there at the time and I knew they had cameras if anything did happen. And I knew the people that worked there." Jones parked her vehicle and locked her door. Defendant parked his vehicle directly behind Jones' vehicle and walked up to Jones' vehicle window. Defendant began yelling and beating on Jones' window by punching it with his fists. Jones testified that defendant was "[v]ery irate, mad."
Defendant punched Jones' window about ten times and tried kicking it twice in an attempt to break it. Defendant then ran to his vehicle and retrieved a bat. Using the bat, defendant broke Jones' driver's side window. Defendant unlocked Jones' car door, reached in, grabbed Jones, and "jerked" Jones out of her car. Defendant hit Jones in the head with the bat and Jones fell to the ground. Defendant continued to yell while Jones begged him to stop. Defendant hit Jones with the bat once on her arm and three times on her legs. Defendant stopped hitting Jones once officers arrived.
Several witnesses, mostly Bojangles' employees, observed the attack on Jones and their testimony was consistent with the testimony of Jones. Courtney Dillard ("Dillard") testified that on 11 December 2014, she was in the Bojangles' parking lot when she witnessed defendant block Jones' car, exit his vehicle, walk towards Jones' car, walk back to his vehicle, and retrieve a bat. Dillard testified that defendant opened Jones' door and started hitting Jones, "choking her" as she was trying to crawl away from defendant. Dillard testified that defendant continued to hit Jones with the bat and was screaming "I'm going to F'n kill you."
John McLaughlin ("McLaughlin") testified that on 11 December 2014, he was employed at Bojangles'. He was inside when he was informed that Jones' boyfriend was "beating on her." McLaughlin went outside and saw Jones on the ground. Defendant was standing over her with an aluminum bat in his hand. Defendant was striking Jones and "telling her that he would kill her." McLaughlin approached defendant and defendant stated, "you better back the f*** up." McLaughlin ran back into the Bojangles' store and retrieved an iron rod. When he returned to the scene, the police had already arrived.
Dr. John Cave, a physician employed in the emergency room at Morehead Memorial Hospital, testified that he treated Jones on 11 December 2014. Jones sustained a laceration to her scalp and injuries to her legs, including a broken leg and bruises.
Defendant testified that on 11 December 2014, he sent Jones a text message reading, "let's talk." He saw Jones driving down the road and so he followed her to Bojangles', pulling his car in behind her. Defendant says he exited his vehicle and began "beating on the window. I remember the window breaking. I remember pulling her out. I remember hearing somebody telling me to put down the bat." Defendant then recalled the sound of aluminum hitting the ground and waking up in jail. Defendant testified that he did not have the bat in his possession when he first exited his vehicle. He did not remember retrieving the bat or why he retrieved it, but testified that he kept an aluminum bat in his vehicle for protection. Defendant testified that he could not remember why he assaulted Jones.
On 16 December 2015, a jury found defendant guilty of assault with a deadly weapon with intent to kill and inflicting serious injury and attempted murder. The jury found defendant not guilty of assault by strangulation.
Defendant was sentenced as prior record level II. He was sentenced to 180 to 228 months for attempted murder and a consecutive sentence of 83 to 112 months for assault with a deadly weapon with intent to kill and inflicting serious injury.
Defendant appeals.
II. Discussion
The sole issue on appeal is whether the trial court erred by denying defendant's motion to dismiss the charge of attempted murder for insufficiency of the evidence. In this case, we consider only whether there was sufficient evidence of premeditation and deliberation to support defendant's conviction.
When reviewing a defendant's motion to dismiss a charge on the basis of insufficiency of the evidence, this Court determines whether the State presented substantial evidence in support of each element of the charged offense. Substantial evidence is relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion. In this determination, all evidence is considered in the light most favorable to the State, and the State receives the benefit of every reasonable inference supported by that evidence.... [I]f there is substantial evidence-whether direct, circumstantial, or both-to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied.
State v. Jones , 367 N.C. 299, 304-305, 758 S.E.2d 345, 349 (2014) (internal quotation marks and citation omitted).
"The elements of attempted first-degree murder are: (1) a specific intent to kill another; (2) an overt act calculated to carry out that intent, which goes beyond mere preparation; (3) malice, premeditation, and deliberation accompanying the act ; and (4) failure to complete the intended killing." State v. Tirado , 358 N.C. 551, 579, 599 S.E2d 515, 534 (2004) (emphasis added). "Premeditation means that the act was thought over beforehand for some length of time, however short. Deliberation means an intent to kill, carried out in a cool state of blood, ... and not under the influence of a violent passion or a sufficient legal provocation." State v. Taylor , 362 N.C. 514, 531, 669 S.E.2d 239, 256 (2008) (citation omitted).
"We have recognized that it is difficult to prove premeditation and deliberation and that these factors are usually proven by circumstantial evidence because they are mental processes that are not readily susceptible to proof by direct evidence." State v. Childress , 367 N.C. 693, 695, 766 S.E.2d 328, 330 (2014) (citation omitted).
Some of the circumstances from which premeditation and deliberation may be implied are (1) absence of provocation on the part of the deceased, (2) the statements and conduct of the defendant before and after the killing, (3) threats and declarations of the defendant before and during the occurrence giving rise to the death of the deceased, (4) ill will or previous difficulties between the parties, (5) the dealing of lethal blows after the deceased has been felled and rendered helpless, (6) evidence that the killing was done in a brutal manner, and (7) the nature and number of the victim's wounds.
State v. Ysut MLO , 335 N.C. 353, 369, 440 S.E.2d 98,106 (1994) (citation omitted).
Defendant argues that there was no evidence that he intended to kill Jones for any length of time before assaulting her and that all of the evidence indicated that defendant's ability to reason was disturbed and overcome by emotion.
Defendant relies on the holding in State v. Frazier , --- N.C. App. ----, 790 S.E.2d 312 (2016), to support his arguments.
In Frazier , our Court held that there was insufficient evidence to support an instruction on first-degree murder based on premeditation and deliberation where there was no evidence of a "specific intent to kill formed after some measure of premeditation and deliberation." Id. at ----, 790 S.E.2d at 317 (citation omitted). The evidence indicated that the defendant, after staying up all night for several nights playing video games, went to lay down to go to sleep. His two-week-old baby woke up and started fussing. The defendant stated that he "snapped" and "lost control." He struck the baby in the head, body, and arms. He stated that he "was not thinking" and was so exhausted that he "claimed it was as if he had blacked out." Id. at ----, 790 S.E.2d at 315-16.
The circumstances of the present case are readily distinguishable from those found in Frazier . Considering the evidence in the light most favorable to the State, the evidence presented at trial tended to show that: Jones did not provoke defendant prior to the assault; defendant had attempted to contact Jones earlier in the day by sending her a text message which was unanswered; defendant saw Jones driving down the street and followed her into the Bojangles' parking lot; defendant parked his vehicle directly behind Jones' vehicle, blocking her in her parking spot; defendant approached Jones' car and after punching her window with his fists, went to his car to retrieve a bat, and returned to Jones' car; witnesses testified that defendant was screaming that he was going to kill Jones while hitting her with a bat; the parties had previous domestic violence issues; after Jones fell to the ground due to being hit in the head with defendant's bat, defendant continued to strike her in her arms and legs with the bat; and Jones suffered a laceration to her skill, broken leg, and bruises. Based on the foregoing, a reasonable juror could easily infer from this evidence that defendant acted both deliberately and with premeditation. Accordingly, we hold that the trial court properly denied defendant's motion to dismiss the attempted murder charge.
III. Conclusion
Where the trial court properly denied defendant's motion to dismiss the attempted murder charge based on the insufficiency of the evidence, we hold no error.
NO ERROR.
Report per Rule 30(e).
Judges DILLON and TYSON concur.